# CIRCUIT COURT OF LOUDOUN COUNTY

Saghafi

v.

Rooks

August 3, 1998

Case No. (Chancery) 18001

BY JUDGE THOMAS D. HORNE

Counsel have submitted alternative decrees for entry by the Court. In addition, they have submitted brief statements with respect to the issue raised by the Court. The issue about which the Court invited comment concerned the application of the provisions of § 8.01-271.1, Code of Virginia, to the facts of this case.

At the conclusion of the trial of this case, the Court ordered the memorandum of *lis pendens* released. Was the filing of this memorandum of *lis pendens* sanctionable by reason of its having overstated by several hundred thousand dollars the amount of the claim? If so, then what is an appropriate sanction under the circumstances of this case? The court has determined that the answer to the first of these questions must be responded to in the affirmative. Accordingly, the Court must move to the second inquiry.

The imposition of an appropriate sanction pursuant to § 8.01-271.1, Code of Virginia, rests within the sound discretion of the trial court. There is no mandate to apply a specific sanction in all cases. While the award of attorney's fees and costs may be an appropriate sanction in most cases, they are not the only tool available to deter pleadings not "well grounded in fact."

Complainant in the instant case exceeded the bounds of good pleading, not by the filing of the memorandum of *lis pendens*, but in having grossly overstated the amount of his claim in the memorandum. There is nothing in the record of the case which would establish a nexus between the amount stated in the memorandum and the manner in which this case proceeded. It is a case of *damnum absque injuria* with respect to an award of counsel fees or costs.

Upon reflection, the Court is of the opinion that it is sufficient that the Court include in its decree directing the release of the memorandum, which decree is to be spread upon the land records and indexed by the clerk, that the amount stated was violative of the provisions of § 8.01-271.1, Code of Virginia, and was admittedly without foundation in fact.

Accordingly, the Court will enter the Final Decree submitted by Mr. Forest, without the imposition of any money sanction.